IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDERSON MANGHAM, as
surviving spouse of Carolyn
Robinson Manhgam, deceased, and
as proposed administrator of the
Estate of Carolyn Mangham,

    Plaintiff,

v.   1:16-cv-3725-WSD

WESTIN HOTEL MANAGEMENT,
LP, and SLC ATLANTA, LLC,

    Defendants.

## OPINION AND ORDER

On October 5, 2016, Defendants Westin Hotel Management, LP and SLC Atlanta, LLC (together, "Defendants") filed their Notice of Removal [1] of this action from the State Court of Fulton County, Georgia.

The Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Notice of Removal ¶ 1).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible

stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, the Complaint [1.2] raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  The burden of establishing diversity jurisdiction "rests with the defendant seeking removal."  Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

"[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021

(11th Cir. 2004). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See id. at 1022. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id. To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Defendants' Notice of Removal does not adequately allege the citizenship of either Defendant because it fails to (1) identify the partners of Defendant Westin Hotel Management, LP and the citizenship of each partner, and (2) identify the members of Defendant SLC Atlanta, LLC and the citizenship of each member. See Rolling Greens, 374 F.3d at 1021-22. The Notice of Removal alleges that Defendant Westin Hotel Management, LP "was a foreign corporation, incorporated in Delaware and having its principal place of business in Stamford, Connecticut." (Notice of Removal ¶ 5). It alleges further that Defendant SLC Atlanta, LLC "was a foreign corporation, incorporated in Delaware and having its principal place of

business in Stamford, Connecticut." (Notice of Removal ¶ 6). These allegations are insufficient.

Defendants are required to file an amended notice of removal properly alleging their citizenship. Unless Defendants do so, the Court must dismiss this action for lack of subject matter jurisdiction. See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants shall file, on or before October 21, 2016, an amended notice of removal properly alleging the citizenship of each Defendant. Failure to do so will result in dismissal of this action.

**SO ORDERED** this 7th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE