IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDERSON MANGHAM, as
surviving spouse of Carolyn
Robinson Manhgam, deceased, and
as proposed administrator of the
Estate of Carolyn Mangham,

      Plaintiff,

  v.                                  1:16-cv-3725-WSD

WESTIN HOTEL MANAGEMENT,
LP, and SLC ATLANTA, LLC,

      Defendants.

## OPINION AND ORDER

On October 5, 2016, Defendants Westin Hotel Management, LP and SLC Atlanta, LLC (together, "Defendants") filed their Notice of Removal [1] of this action from the State Court of Fulton County, Georgia. On October 7, 2016, the Court entered its order finding that the Notice of Removal failed to adequately plead Defendants' citizenship. ([4] ("October 7th Order")). The Court ordered Defendants to file an amended notice of removal that properly alleged their citizenship. (Id.). The Court cautioned Defendants that their failure to do so would result in dismissal of this action for lack of subject matter jurisdiction. (Id.). On October 20, 2016, Defendants filed their Amended Notice of Removal [5.1].

The Amended Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Amended Notice of Removal ¶¶ 1, 9).  As the Court noted in its October 7th Order, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, the Complaint [1.2] raises only questions of state law and the Court only could have diversity jurisdiction over this matter.  The notice of removal must, therefore, properly and fully allege the citizenship of all the parties, including Defendants, in this case.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is

determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The burden of establishing diversity jurisdiction "rests with the defendant seeking removal." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

"[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004). The citizenship of a limited liability company ("LLC") is determined differently than the citizenship of a corporation. An LLC is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See id. at 1022. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id. If an LLC defendant has members that are themselves LLCs, the citizenship of each LLC member must be alleged.[1]

---

[1] If that member is also an LLC, the citizenship of that member LLC also must be alleged, and so on.

3

Defendants' Amended Notice of Removal does not adequately plead the citizenship of either Defendant because it merely lists the citizenship of Defendants' incorporated and LLC members.  The Amended Notice of Removal alleges that Defendant Westin Hotel Management, L.P.'s partners are Starwood Hotels & Resorts Worldwide, Inc., "a citizen of Maryland"; Starwood Hotels & Resorts Worldwide, LLC, "a citizen of Maryland"; and WHLP Acquisition, LLC, "a citizen of Delaware."  (Amended Notice of Removal ¶ 6).  The Amended Notice of Removal further alleges that Defendant SLC Atlanta LLC's "sole member" is SLC Acquisition LLC, "a citizen of Delaware."  (Amended Notice of Removal ¶ 8).  These allegations do not meet Defendants' pleading requirements and the Court is unable, based on them, to determine if there is diversity of citizenship in this action.  Defendants must "provide specific factual allegations to support the citizenship of each member of the LLC or unincorporated entity."  Standing Instructions Regarding Civil Litigation 2, http://www.gand.uscourts.gov/sites/default/files/WSD_Standing_Order_re_Civil_Litigation.pdf.

Defendants are reminded that "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  RES-GA Creekside Manor,

LLC v. Star Home Builders, Inc., No. 2:10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011).  To properly allege the citizenship of Starwood Hotels & Resorts Worldwide, Inc., a partner in Defendant Westin Hotel Management, L.P., Defendants must identify "every State and foreign state by which it has been incorporated and . . . the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added); see Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015) ("For diversity jurisdiction purposes, a corporation is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.").  To properly allege the citizenship of Defendants' members Starwood Hotels & Resorts Worldwide, LLC, WHLP Acquisition, LLC, and SLC Acquisition LLC, the notice of removal must identify the members of these entities and adequately plead the citizenship of those members.  What is required to properly plead the citizenship of Defendants' members' members will depend on their corporate form.

  Defendants are again required to file an amended notice of removal properly alleging their citizenship.  Unless Defendants do so, the Court must dismiss this action for lack of subject matter jurisdiction.  See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter

jurisdiction unless the pleadings or record evidence establishes jurisdiction).  No additional opportunities to establish diversity jurisdiction will be given.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants shall file, on or before November 4, 2016, an amended notice of removal properly alleging the citizenship of each Defendant.  Failure to do so will result in dismissal of this action.

**SO ORDERED** this 21st day of October, 2016.

```
_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE
```